UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5: 19-130-DCR-2 |
| Plaintiff, ) | and |
| ) | Civil Action No. 5: 23-020-DCR |
| V. ) | |
| ) | |
| JENNIFER G. MCFARLAND, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants Jennifer McFarland and Richard Duerson were found guilty of one count of conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846 following a three-day jury trial in November 2019. [Record No. 48] McFarland was separately found guilty of two counts of possessing with the intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. § 841(a)(1)(B). [*Id.*] The Court sentenced McFarland to 151 months' imprisonment in March 2020. [Record No. 67] The United States Court of Appeals for the Sixth Circuit affirmed her conviction and sentence on appeal. *United States v. McFarland*, No. 20-5310, 2021 WL 7367157 (6th Cir. Oct. 4, 2021).

Duerson has a motion for collateral relief pending before the undersigned. [Record No. 167] However, *Duerson* has now filed a motion to vacate, set aside, or correct *McFarland's* sentence pursuant to 28 U.S.C. § 2255, alleging that McFarland's trial counsel was constitutionally ineffective. [Record No. 207][1] Duerson indicates that he is filing the motion

---

[1] The importance of a quick resolution of the filing is underscored by the fact that a movant has limited time to seek collateral relief under the statute. Here, McFarland's petition for

to assist McFarland because she has "serious medical issues" that prevent her from filing the motion on her own behalf. [*Id.* at p. 16] McFarland's motion will be dismissed for lack of jurisdiction because Duerson has failed to demonstrate that he has standing to file as McFarland's "next friend."

## I.

Under 28 U.S.C. § 2255, a federal prisoner may move the court that sentenced him or her to "vacate, set aside or correct the sentence" upon showing that the sentence was unlawful, that the court lacked jurisdiction, that the sentence was "in excess of the maximum authorized by law," or that the sentence is "otherwise subject to collateral attack." Rule 2(b) of the Rules Governing § 2255 Proceedings provides that a prisoner's § 2255 petition must "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." *See also* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). Duerson contends that he is authorized to sign McFarland's motion. [Record No. 207, p. 16] He contends that, while he "understands that [he] can't act as an attorney for Ms. McFarland," he is nonetheless permitted to act on her behalf under the "next friend" doctrine. [*Id.*]

"The 'next friend' doctrine is a device to determine when a motion for collateral relief brought by a person who does not have standing to pursue that relief should be deemed brought by a person who does." *Cardin v. United States*, 947 F.3d 373, 376 (6th Cir. 2020). The Supreme Court recognized that a putative next friend must: (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real

---

review of her criminal conviction was denied by the United States Supreme Court on April 4, 2022. [Record No. 155]

party in interest cannot appear on his own behalf to prosecute the action," and (2) establish that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (citations omitted). The purported next friend bears the burden of "establish[ing] the propriety of his status and thereby justify[ing] the jurisdiction of the court." *Id.* at 164. If a party fails to establish his standing to file a motion as a next friend, the Court must dismiss the motion for lack of jurisdiction. *See, e.g., Hamdi v. Rumsfeld*, 294 F.3d 598, 607 (4th Cir. 2002) ("The question of next friend standing is not merely 'technical,' ... [r]ather, it is jurisdictional and thus fundamental.").

The Sixth Circuit held in *Cardin v. United States* that a defendant's sister could file a § 2255 motion as her brother's next friend because she had established that her brother was incapable of filing the motion on his own. 947 F.3d at 376. The defendant's sister submitted proof that the defendant was "hospitalized in the days before his § 2255 motion was due, which undisputedly left him unable to provide the signature that his sister provided on his behalf." *Id.* Additionally, the court found that the defendant's sister had demonstrated that she would act in her brother's best interests by attaching a copy of the defendant's power of attorney, "by which he had granted [his sister] 'unlimited' power of attorney to act on his behalf." *Supra.* at 375.

By contrast, Duerson has failed to meet his burden of establishing that he can proceed as McFarland's next friend. Unlike the proof of the defendant's hospitalization in *Cardin*, Duerson has not provided any concrete evidence to support his claim that McFarland's medical condition prevents her from filing her own § 2255 motion. Duerson attached a letter to the motion, allegedly written by McFarland, in which she states that she is unable to "writ[e] motions and inch by inch examin[e] every little detail" of her case because she is "physically

and mentally drained." [Record No. 207-3] And Duerson stated in his own affidavit that McFarland is suffering from "very serious medical issues," such as "excruciating migraines" and rapid memory loss, that render her incapable of filing a § 2255 motion. [Record No. 207, p. 16] But without providing further proof from the Bureau of Prisons to buttress their claims, Duerson and McFarland's conclusory assertions do not sufficiently prove that McFarland is incapable of seeking habeas relief on her own. *See Tate v. United States*, 72 F. App'x 265, 267 (6th Cir. 2003) (dismissing § 2254 motion filed by defendant's mother and friend for failure to provide any evidence "that [the defendant] is incompetent or otherwise incapable of pursuing the instant action on his own behalf.").

Moreover, Duerson has not established that he would act in McFarland's best interests if permitted to file on her behalf. His affidavit attached to McFarland's motion states that the § 2255 motion and supporting memorandum that he filed for McFarland prove that he "is truly dedicated to [McFarland's] best interest." [Record No. 207, p. 16] But as with his statements regarding *Whitmore*'s first prong, his conclusory assertion that he would act in McFarland's interests is insufficient. [2] And to the extent Duerson would claim that his friendship with McFarland, however close, entitles him to seek relief on her behalf, that circumstance alone does not conclusively establish that he would act for her benefit. *See United States v. Scharstein*, No. 2:11-18-DCR, 2012 WL 4099528, at *2 (E.D. Ky. Sept. 17, 20212) (denying inmate's request to be appointed as next friend for a "cell mate and friend" in prison because "the circumstances [of their friendship] could quickly change . . . . [U]nfortunately, today's

---

[2] To the contrary, Duerson could easily minimize or eliminate contrary positions if he is allowed to represent McFarland as her "next friend." That would not be in McFarland's best interests.

- 4 -

friend might become tomorrow's enemy"). Duerson has not established that his relationship with McFarland entitles him to litigate on her behalf. Accordingly, McFarland's motion will be dismissed for lack of jurisdiction.

## II.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, the Court must issue or deny a certificate of appealability when it enters a final order that is adverse to the movant in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1)(B). When a motion is dismissed on procedural grounds, a certificate of appealability should issue if the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, no reasonable juror would debate that Duerson failed to establish his standing to file a § 2255 motion on McFarland's behalf. He failed to provide any concrete evidence demonstrating that McFarland is incapable of filing the motion herself, nor did he sufficiently allege that he would be truly dedicated to McFarland's best interests if he were permitted to pursue relief on her behalf. Accordingly, no certificate of appealability will issue.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1.  Defendant/Movant Jennifer McFarland's motion to vacate, correct, or set aside her sentence pursuant to 28 U.S.C. § 2255 [Record No. 207] is **DENIED**, without prejudice. Her claims are **DISMISSED** and **STRICKEN** from the docket.

2.  A Certificate of Appealability will not issue.

Dated: February 1, 2023.

*Signature*

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky